IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDRES QUINTERO, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| WELLS FARGO BANK, N.A., | § | CIVIL ACTION NO. <u>4:10-CV-4210</u> |
| | § | |
| *Defendant.* | § | |
| | § | |

---

**DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

DEFENDANT Wells Fargo Bank, N.A. ("Wells Fargo") hereby petitions this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, for removal of the action described below from the 9th District Court of Montgomery County, Texas.   As grounds for removal, the Defendant respectfully states the following:

**I.      THE STATE COURT ACTION.**

1.      Plaintiff initiated this action on September 28, 2010 by filing his Original Petition ("Petition") in the 9th Judicial District Court of Montgomery County, Texas, styled *Andres Quintero v. Wells Fargo Bank, N.A.,* Cause No. 10-09-10058-CV ("State Court Action").

2.      In his Petition, Plaintiff seeks a declaratory judgment, and permanent injunction preventing Wells Fargo from foreclosing on certain real property located at 411 Heather Lane, Conroe, Montgomery County, Texas 77385 (the "Property").  Exhibit B(2) pp. 3-5.

3.      An Original Answer was filed on the Defendant's behalf on October 25, 2010. Exhibit B(7).

4.      A Citation issued and service upon Wells Fargo on September 30, 2010.  Exhibit B(5).

5.      A Temporary Restraining Order Application was filed on September 28, 2010.  Exhibit B(3).

6.      An Order Regarding E-Filing Designation and Live Date was entered on September 25, 2010.  Exhibit B(4).

7.      A Temporary Restraining Order and Order Setting Hearing for Temporary Injunction was entered on October 6, 2010.  Exhibit B(6).

8.      No further proceedings have taken place in the State Court Action.

## II.      REQUIREMENTS FOR REMOVAL.

9.      In accordance with 28 U.S.C. § 1446(a), Defendant attaches the following to its Notice of Removal:

10.     Attached hereto as **Exhibit A** is an index of all matters filed in the State Court Action that clearly identifies each document and indicates the date the document was filed.

11.     Attached hereto as **Exhibit B** are copies of all process and pleadings in the State Court Action, individually tabbed and arranged in order of filing under tabs 1 through 8.

12.     Attached hereto as **Exhibit C** is a list of all counsel of record.

13.     Attached hereto as **Exhibit D** is a true and correct copy of the Montgomery County Central Appraisal District information for Account No. Q0211106, which shows the Property's appraised market value for the 2010 tax year.

14.     As stated herein, Plaintiff filed the State Court Action on September 28, 2010.  Wells Fargo was served with process on September 30, 2010.  This Notice is, therefore, timely filed pursuant to  28 U.S.C. § 1446(b).

15.     As set forth in more detail below, this Court would have original jurisdiction of this matter based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Also, venue is proper in this district court under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district.  Therefore, this matter is properly removable to this Court pursuant to § 1441(a).

16.     As required by 28 U.S.C. § 1446(d), Wells Fargo, the removing party, will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 9th Judicial District Court in Montgomery County, Texas, where the State Court Action is currently pending.

## III.     FEDERAL QUESTION.

17.     Removal is proper because Plaintiff's suit involves a federal question.  28 U.S.C. §§ 1331, 1441(b).  Specifically, Plaintiff complains of and/or bases his claim for declaratory and injunctive relief on one or more violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1601, et. seq..  Exhibit B(2), pp. 3-5.  Because Plaintiff's claims arise under a federal law, this Court would have original jurisdiction pursuant to 28 U.S.C. §1331 and removal is proper.

## IV.     THIS COURT HAS JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP.

18.     The district courts of the United States have original jurisdiction over this action because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

### A.     Complete Diversity of Citizenship Between the Parties.

19.     Plaintiff is a natural person who, for the purposes of diversity jurisdiction, is domiciled in the State of Texas, based upon the fact that he resides at 411 Heather Lane, Conroe,

Montgomery County, Texas 77385, and, upon information belief, intends to remain there permanently.

20.     Wells Fargo is a national association with its principal place of business in the State of South Dakota.  A national bank is deemed a "citizen" of the location of its principal place of business.  28 U.S.C. § 1332(c);  *See Horton v. Bank One, N.A.,* 387 F.3d 426, 429 (5th Cir. 2004).  Because Wells Fargo's principal place of business is in South Dakota, Wells Fargo is not a citizen of the State of Texas for diversity purposes.

21.     At the time the State Court Action was commenced, and at the time of Removal, Wells Fargo was, and currently remains, diverse in citizenship from the Plaintiff.  28 U.S.C. § 1332(a)(1).

22.     Accordingly, there is complete diversity among the parties.

**B.     The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

23.     The value of the right Plaintiff seeks to protect (right, title and interest to the Property) exceeds the $75,000 limit for diversity jurisdiction.

24.     When the plaintiff's state court petition does not allege the specific amount of damages, as in the instant case, a court may determine that removal is proper if it is facially apparent from the petition that the claims are likely above $75,000.  *Allen v. R & H Oil & Gas Company,* 63 F.3d 1326, 1335 (5th Cir. 1995); *see also White v. VCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (to determine the amount in controversy, the court may consider actual damages, exemplary damages and attorneys' fees).  If the amount in controversy is not apparent from the face of the petition, the court may rely on facts asserted in the removal notice that support a finding of the requisite amount.  *Id.*

25.     In an action for declaratory and injunctive relief, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).   The court makes the amount in controversy determination from the perspective of the plaintiff; the proper measure is the benefit or value to the plaintiff, not the cost to the defendant.  *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.1 (5th Cir. 1996).  Where a plaintiff files suit seeking to enjoin foreclosure of real property, the amount in controversy is the value of the property at issue because "absent judicial relief [the plaintiff] could be divested of all right, title and interest to the property." *Vasquez v. Chase Home Fin., L.L.C.*, 2010 U.S. Dist. LEXIS 48981 at *6 (W.D. Tex. 2010), *quoting Berry v. Chase Home Fin., L.L.C.*, 2009 U.S. Dist. LEXIS 77124 at *2 (S.D. Tex. 2009); *see also Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-8 (5th Cir. 1961 ("when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy")).

26.     In his state court petition, Plaintiff seeks declaratory and injunctive relief preventing Wells Fargo from foreclosing on the Property.  Stated differently, Plaintiff seeks to protect his right, title and interest in the Property.  Therefore, the amount in controversy is the value of the Property at issue.  Pursuant to the Note attached as Exhibit "A" to Plaintiff's Petition, the Property secures a promissory note, now owned and held by Wells Fargo in the original principal amount of $155,000.  According to the tax records of Montgomery County, Texas, the current market value of the Property exceeds $75,000.  *See* Exhibit D.

27.     Considering the tax-appraised value of the Property and the amount of the Note it secures, the preponderance of the evidence shows that it is more likely than not the amount in controversy (the value of the right Plaintiff seeks to protect) exceeds $75,000.

C.      Conclusion.

28.      Because there is complete diversity amongst the parties and the amount in controversy exceeds $75,000, diversity jurisdiction exists and this Court has subject matter jurisdiction over the case.

### PRAYER

WHEREFORE, Defendant Wells Fargo hereby removes the case styled *Andres Quintero v. Wells Fargo Bank, N.A.,* Cause No. 10-09-10058-CV, currently pending in the  9th Judicial District Court of Montgomery County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.


Respectfully submitted,


By:      */ s / Richard A. Illmer*
         Richard A. Illmer
         State Bar No. 10388350
         rillmer@brownmccarroll.com
         John C. Pegram
         State Bar No. 24056116
         jpegram@brownmccarroll.com

BROWN MCCARROLL, L.L.P.
2001 Ross Avenue, Suite 2000
Dallas, Texas  75201
(214) 999-6100
(214) 999-6170 *facsimile*
**ATTORNEYS FOR THE DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered to all counsel of record as shown below:

__X__           Mailed by certified mail, return receipt requested, postage prepaid, in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.

_____       Hand-delivered by courier receipted delivery.

_____       Forwarded by next day receipted delivery service.

_____       Communicated by telephonic document transfer to the recipient's current telecopier number.

_____       Electronic Service via the Western District of Texas Electronic Case Filing System (ECF).

To:

      James B. Caruthers
      The Gore Law Firm
      12946 Diary Ashford, Suite 450
      Sugar Land, Texas 77478

on this 29th day of October, 2010.          / s / Richard A. Illmer_____
                                 Richard A. Illmer